Filed 3/18/13  P. v. Flannery CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C071362 |
| Plaintiff and Respondent, | (Super. Ct. No. SF117771A) |
| v. | |
| JEFFREY SCOTT FLANNERY, | |
| Defendant and Appellant. | |

A complaint filed June 20, 2011, accused defendant Jeffrey Scott Flannery of vehicular manslaughter with gross negligence, hit and run resulting in death or injury, being under the influence of a controlled substance, and misdemeanor obstructing a public officer.  It was also alleged as to the first two charges that defendant had been convicted of a prior strike and had served three prior prison terms.

On March 9, 2012, defendant pled guilty to vehicular manslaughter and obstructing a public officer and admitted the prior serious felony and one prior prison term in exchange for an 18-year sentence, with all remaining counts and allegations dismissed.

The factual basis for the plea was as follows: On June 13, 2011, an officer attempted to make a traffic stop of the car defendant was driving. Instead of yielding, defendant fled and entered a residential neighborhood with a 25-mile-per-hour speed limit. Going approximately 50 to 60 miles per hour, defendant ran a stop sign and broadsided the car driven by the victim, who died as a result of the collision. Defendant then fled on foot. Pursued on foot by the officer, defendant fought and resisted arrest before being subdued. A subsequent blood draw of defendant was positive for marijuana and methamphetamine.

On May 7, 2012, the trial court sentenced defendant to 18 years in prison. The court awarded 658 days of presentence custody credit, including 329 actual days and 329 conduct days. The court imposed a $200 restitution fine and a suspended $200 restitution fine, $2,916.22 in restitution payable to the Victims' Compensation Board, an $80 court security fee, and a $60 criminal conviction assessment. The court reserved jurisdiction to determine victim restitution.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We have found two errors that require remand and modification of the judgment, however.

First, the trial court erred in its award of presentence custody credit. Defendant was not entitled to day for day conduct credits because the crime on which his prison term was based (vehicular manslaughter with gross negligence) was committed prior to

2

October 1, 2011, and was a serious felony.  (Pen. Code, §§ 1192.8, subd. (a), 4019, subd. (h); *People v. Gonzales* (1994) 29 Cal.App.4th 1684, 1688, 1694.)

Second, the trial court failed to impose sentence on the misdemeanor count of obstructing a public officer.  At the plea hearing, the court noted that count "carries a maximum sentence of a year in the county jail," and then the court stated, "I'm going to run that concurrently, so you won't do any additional time on that, but it will be on your record."  At sentencing, when the prosecutor brought that count to the court's attention, the court stated "running concurrent."  However, the court failed to actually impose sentence on that count.  On remand, this omission must be corrected.  Specifically, the court must impose sentence on the misdemeanor count of obstructing a public officer and then note on the abstract of judgment in box 10 what the sentence is that is being run concurrently.

DISPOSITION

The matter is remanded to the trial court with directions to:  (1) impose sentence on the misdemeanor count of obstructing a public officer; (2) recalculate the award of presentence custody credit; and (3) direct the preparation of an amended abstract of judgment which reflects these changes.  As modified, the judgment is affirmed.

                                                       ROBIE_____ , Acting P. J.

We concur:

____BUTZ_____ , J.

____DUARTE_____ , J.

3